UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
RICHLAND DIVISION

| | |
|---|---|
| FEDERAL ENGINEERS AND CONSTRUCTORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CH2M HILL PLATEAU REMEDIATION COMPANY,<br><br>Defendant. | No. 4:15-cv-05036<br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Federal Engineers and Constructors, Inc. ("FE&C"), for its complaint against CH2M Hill Plateau Remediation Company ("CHPRC"), alleges, upon information and belief, as follows:

## I. PARTIES

1.1 FE&C is a Washington corporation whose principal place of business is in the State of Washington. FE&C is, and at all times relevant hereto has been, duly licensed as a contractor in Washington.

1.2 CHPRC is a Washington corporation. Upon information and belief, CHPRC's principal place of business is in the State of Washington.

## II. JURISDICTION AND VENUE

2.1 This Court has personal jurisdiction with regard to CHPRC because CHPRC is a resident of the State of Washington, this action arises out of the services performed by

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

FE&C for CHPRC in the State of Washington, and CHPRC has contractually consented to jurisdiction in this Court.

2.2 This Court has jurisdiction regarding the subject matter of this action, pursuant to 28 U.S.C. §1331, as the claims are based on a subcontract arising from a prime contract for federal procurement, the federal procurement relates to the nuclear waste treatment program of the United States Department of Energy Hanford (WA) Reservation, and the terms of the subcontract specify that the subcontract shall be governed by federal procurement law.

2.3 Venue is proper in this District, pursuant to 28 U.S.C. §1391, because the acts or omissions which give rise to FE&C's claims took place in this District, and the federal procurement that is the subject of this action is located in this District.

## III. FACTS

3.1 This lawsuit arises from a construction project in Richland, Washington, starting on or about May 2012 and continuing to the current time, and commonly referred to as the Modified KW Basin Annex Construction project (the "Project").

3.2 FE&C and CHPRC executed a subcontract regarding the Project, bearing on its face a commencement of May 7, 2012, and designated by CHPRC as Contract #48873 (the "Subcontract").

3.3 Pursuant to the Subcontract, FE&C was to provide construction services to build facilities with the primary purpose of treating nuclear waste.

3.4 CHPRC had in place a prime contract with the United States Department of Energy from which the Subcontract was derived (the "Prime Contract").

3.5 All designs, drawings, engineering, plans and specifications for the Project were to be provided by CHPRC or others under CHPRC's control.

3.6 From nearly the beginning of the Project, CHPRC failed to meet its contractual obligations. Among other things, CHPRC repeatedly failed to provide timely and duly approved engineering, design, drawings, plans and/or specifications that FE&C needed to timely and efficiently proceed with its work.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

3.7 CHPRC repeatedly required FE&C to perform work not specified in the Subcontract and neither followed the Subcontract provisions governing such circumstances nor paid FE&C nor granted extra time to FE&C with respect to such work.

3.8 CHPRC suspended FE&C's work, yet CHPRC failed to comply with the Subcontract terms and conditions with respect to such suspension.

3.8 Throughout the Project, when FE&C would present claims to CHPRC, CHPRC would fail to respond in the time and manner specified under the Subcontract.

3.9 CHPRC has failed to make timely payments to FE&C and, among other things, caused FE&C's sub-subcontractors to file claims against FE&C.

3.10 CHPRC attempted to modify the Subcontract by requiring FE&C and its subcontractors to perform under different procurement structures and under different terms and conditions, referred to by CHPRC as the "integrated project team" approach.

3.11 CHPRC has intentionally interfered with the agreements between FE&C and FE&C's sub-subcontractors. CHPRC has interfered with FE&C's work by contacting directly FE&C's contractors, by interfering with the work of said contractors, by creating a hostile work environment for said contractors, and by directing the contractors to perform work in contradiction to the sub-subcontract requirements.

3.12 CHPRC stopped FE&C's work several times during the Project. Among other instances, on or about July 2012, CHPRC slowed procurements and re-aligned field work, and then issued revised drawings and specifications along with direction to proceed with different work, including, without limitation, requiring FE&C to prepare the same "Safety Significant Components List" requirements which CHPRC originally agreed to prepare under the Subcontract.

3.13 Through February 2015, CHPRC issued to FE&C at least 663 notices of design change for the Project.

3.14 Through February 2015, FE&C needed to provide at least 665 requests for clarification/information due to defects in CHPRC's drawings and specifications.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## IV. FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

4.1 The allegations in paragraphs 1.1 through 3.14 are incorporated herein by this reference.

4.2 Between May 2012 and the present date, FE&C performed the work for CHPRC on the Project.

4.3 Contrary to and in breach of its express and implied contractual obligations, representation, and warranties, CHPRC has failed to pay FE&C in excess of $3 million for billings presently due and owing; failed to provide timely, accurate, and usable design, engineering, drawings, plans, and specifications for the Project, failed to process and execute appropriate change orders modifying Project dates and prices for the multiplicity of CHPRC's delays, breaches, and extra work that it directed.

4.4 CHPRC continually made late payments to FE&C. FE&C was forced to carry and finance an average of roughly $1 million per month for work in progress while waiting for CHPRC's payments.

4.5 As a proximate result of CHPRC's breaches, FE&C has suffered damages in an amount to be proven at trial.

## V. SECOND CLAIM FOR RELIEF: UNJUST ENRICHMENT

5.1 The allegations in paragraphs 1.1 through 4.5 are incorporated herein by this reference.

5.2 CHPRC requested and directed FE&C to perform work on the Project, and through its statements and conduct indicated that FE&C would be paid for the reasonable value of all work performed.

5.3 FE&C performed at CHPRC's request and direction, and provided benefits to CHPRC in performing the Project, CHPRC accepted benefits provided by FE&C.

5.4 CHPRC has wrongfully refused to pay the full, fair and reasonable value of the work performed by FE&C.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

5.5 CHPRC has been unjustly enriched at FE&C's expense and under the circumstances it would be unjust for CHPRC to retain the benefits without compensating FE&C for their value.

## VI. THIRD CLAIM FOR RELIEF: PROMPT PAYMENT ACT

6.1 The allegations in paragraphs 1.1 through 5.5 are incorporated herein by this reference.

6.2 FE&C provided billings and estimates for work performed and/or materials supplied under the Subcontract. CHPRC failed to issue a written statement detailing items in the billings that are not approved within seven days of receipt, or valid reasons for refusal to pay.

6.3 CHPRC failed to pay FE&C's billings in accordance with the Subcontract.

6.4 As a result of CHPRC's failure to make prompt payment, FE&C may suspend the work, and, among other things, is liable to FE&C for interest, on such payments, attorneys' fees and costs under 31 U.S.C.§ 3905.

## VII. FOURTH CLAIM FOR RELIEF: BREACH OF IMPLIED WARRANTY OF ADEQUACY OF PLANS AND SPECIFICATIONS

7.1 The allegations in paragraphs 1.1 through 6.4 are incorporated herein by this reference.

7.2 Under the Subcontract, CHPRC was solely responsible for the design and engineering activities, and FE&C had no responsibility for any design and engineering activities. As a matter of law, CHPRC has the obligation to provide plans and specifications that were adequate, complete and sufficient to allow FE&C to construct the Project as intended when the Project was bid. At the time that CHPRC accepted FE&C's bid and awarded the Subcontract to FE&C, CHPRC impliedly warranted the adequacy, sufficiency and completeness of the plans and specifications for purposes of reasonably bidding and performing construction of the Project.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

7.3 Among other things, after commencement of FE&C's work, CHPRC changed the Project specifications to require that nearly all of the work comply with Nuclear Quality Assurance-1 regulatory standards, which in turn required wholesale revisions to the Project drawings and specifications and to the means and methods of FE&C's work.

7.4 The plans on which FE&C bid were, in fact, inadequate, inaccurate and incomplete. Moreover, CHPRC failed to timely remedy the defective plans and specifications, all of which constitute material and significant breaches of the implied warranty of the adequacy of plans and specifications.

7.5 As a direct and proximate result, FE&C incurred significant extra costs and damages, including, but not limited to, disruption and delay in completion of its work.

## VIII. FIFTH CLAIM FOR RELIEF: EXPRESS AND CONSTRUCTIVE ACCELERATION

8.1 The allegations in paragraphs 1.1 through 7.5 are incorporated herein by this reference.

8.2 Any delays in the Projects were excusable and compensable as to FE&C, and were caused solely by the actions and inactions of CHPRC and others for which CHPRC was responsible. FE&C provided timely notice to CHPRC of all such delays and, in each instance, requested reasonable compensation and extensions of time.

8.3 CHPRC refused to grant FE&C requested relief within a reasonable time. CHPRC expressly and impliedly required FE&C to accelerate its work, despite the fact that the delays were caused by, among other things, insufficient plans and specifications and improper directions from CHPRC.

8.4 As a result, FE&C accelerated its performance to meet CHPRC's new demands, all to meet the new schedule requirements without allowance for the cost and delay caused by and/or attributable to CHPRC. The acceleration caused FE&C to incur significant additional costs for which FE&C has not been compensated. The acceleration impacted FE&C's productivity at great expense to FE&C.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## IX. SIXTH CLAIM FOR RELIEF: QUANTUM MERUIT/REASONABLE VALUE

9.1 The allegations in paragraphs 1.1 through 8.4 are incorporated herein by this reference.

9.2 FE&C, at the request of CHPRC, furnished and/or installed services, labor, material and equipment in the course of performing its construct work, all of which were incorporated for the benefit of CHPRC and the Project. The reasonable value of the work performed by FE&C far exceeds the amounts CHPRC has paid FE&C on the Project.

9.3 CHPRC was at all times aware of the benefits FE&C's work conferred.

9.4 As an alternative claim for relief, FE&C is entitled to recover, on the basis of the equitable doctrine of quantum meruit and in order to avoid unjust enrichment, the full, fair, and reasonable value of the work performed.

## X. SEVENTH CLAIM FOR RELIEF: CARDINAL CHANGE

10.1 The allegations in paragraphs 1.1 through 9.4 are incorporated herein by this reference.

10.2 CHPRC effected changes to the Project so drastic that it effectively required FE&C to perform duties materially different from those originally bargained for, constituting a cardinal change to the Subcontract.

10.3 The cardinal change effected by CHPRC is so profound that such cardinal change constitutes a material breach of the Subcontract.

10.4 FE&C suffered damages as a direct result of the cardinal change, and FE&C is entitled to recover such damages from CHPRC.

## XI. EIGHTH CLAIM FOR RELIEF: TORTIOUS INTERFERENCE WITH SUB-SUBCONTRACTORS

11.1 The allegations in paragraphs 1.1 through 10.4 are incorporated herein by this reference.

11.2 FE&C executed agreements with various sub-subcontractors on the Project.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

11.3 CHPRC knew of FE&C's agreements with FE&C's sub-subcontractors, and CHPRC intended to harm FE&C by improperly interfering with FE&C's contractual relationships with FE&C's sub-subcontractors.

11.4 CHPRC lacked any privilege or other legitimate justification for its interference with FE&C's contractual relationships with FE&C's sub-subcontractors.

11.5 FE&C suffered damages as a direct result of CHPRC's conduct, and FE&C is entitled to recover such damages from CHPRC.

## XII. DAMAGES

12.1 The allegations in paragraphs 1.1 through 11.5 are incorporated herein by this reference.

12.2 As a direct and proximate cause of CHPRC's actions as set forth herein, FE&C has been damaged in an amount to be proven at trial. Without limitation, CHPRC is responsible for in excess of $3 million of invoices due and payable to FEC&C, plus almost $5 million in extended overhead damages, and plus in excess of $4.5 million representing the cost of capital resulting directly from CHPRC's failure to timely pay FE&C.

12.3 As a direct and proximate cause of CHPRC's failure to promptly pay for billings under the Subcontract, FE&C has been damaged and is entitled to statutory interest, plus costs and reasonable attorneys' fees.

## XIII. PRAYER FOR RELIEF

WHEREFORE, FE&C prays for judgment as follows:

1.1 For judgment against CHPRC in an amount to be proven at time of trial.

1.2 For interest, costs and attorney's fees pursuant to statute, contract, and/or equitable principles.

1.3 For any other relief deemed just and equitable.

\\

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 21st day of April, 2015.

Davis Wright Tremaine LLP
Attorneys for Federal Engineers and Constructors, Inc.

By *s/John C. Theiss*

John C. Theiss, WSBA #24488
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: 206-757-8154
Fax: 206-757-7154
E-mail: johntheiss@dwt.com

COMPLAINT (No. 4:15-cv-05036) - 9
DWT 26434533v7 0056012-000004

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax